## Case No. 1,882.

### In re BRINKER et al.

[19 N. B. R. 195.][1]

District Court, S. D. New York. Jan. 16, 1879.

BANKRUPTCY—ASSIGNEE — RIGHTS AND DUTIES—
EMPLOY OF ATTORNEY—COMPENSATION.

1. An assignee cannot, without the consent of the court, make an agreement with an attorney employed by him to conduct a suit, by which the fees of the latter are to be contingent on the result of the suit.

2. The bankrupt court has power to determine in a summary manner the question as to the proper amount to be allowed as fees to an attorney employed by the assignee, and to order the attorney to pay over the balance of moneys retained by him for his services.

[In bankruptcy. Motion to compel payment to the assignee of Thomas R. Brinker, a bankrupt, of moneys held by his attorney. Motion granted ]

F. E. Blackwell, for assignee.
R. H. Chittenden, for attorney.

CHOATE, District Judge. This is a motion to compel the payment to the assignee of the sum of three hundred and twenty dol-

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reprinted by permission.]

lars, alleged to be improperly retained by his attorney, who received the same, in his capacity as attorney for the assignee, in a suit in a state court.

The assignee, having accounted for all the money received except the sum of four hundred and seventy dollars, retained by the attorney for his services in the suit, has been held accountable for and been ordered to distribute three hundred and twenty dollars of this sum of four hundred and seventy dollars, on the ground that the sum of one hundred and fifty dollars was a proper charge by the attorney for his services, and now the assignee makes this motion to compel the attorney to pay over the three hundred and twenty dollars to him. Upon the question whether the assignee should account for this sum a reference was ordered. The assignee appeared upon the reference by the same attorney, and the attorney conducted the hearing and produced testimony, and testified himself.

The register having reported one hundred and fifty dollars was a proper fee, it was held by the court that the assignee was, under the circumstances shown, chargeable with the balance retained by the attorney, three hundred and twenty dollars, as money received by himself; that the claim of the attorney that he had made an agreement with the assignee by which the amount of his fee was to be contingent on the result of the suit could not be admitted; that an assignee could not lawfully make such an agreement without express permission of the court.

The attorney now, by his answer, raises the same question, and also objects that the court has not power to make a summary order that he pay the money over. As to the issue of fact, I do not perceive any question is raised that has not already been decided. It was decided that the money that came into the hands of the attorney was the money of the bankrupt estate. How much should he be allowed out of it for the fees of the attorney who had collected it was a question as to the proper costs of the administration of the bankrupt estate. This court has always exercised the power of determining such questions in a summary way. The power is expressly recognized in general order No. 30. If the court has not the power, and in every case where an assignee employs an attorney the attorney may claim that the amount of his compensation must be determined in a separate suit between him and the assignee, the evident purpose of the bankrupt law, that estates of bankrupts shall be summarily administered in this court, would be defeated. This court has power also to determine the validity and amount of liens on the assets of the bankrupt. Rev. St. § 4,972. This is a claim of such a lien. I think the attorney is concluded by the decision as well as the assignee.

The case of In re Paschal, 10 Wall. [77 U. S.] 483, is not in point. That case merely holds that where there is a dispute as to amount of fees or charges between an attorney and his client, in respect to a suit prosecuted to a final judgment and recovery in the court, and the attorney has collected the judgment, the court in which the judgment is recovered will not summarily determine the question between the client and attorney, but will leave the client to his remedy by action. If, however, there is no such dispute, it is a power which all courts exercise over their officers to compel an attorney who has collected money which belongs to his client by summary order to pay it over.

In this case the attorney, who is an officer of this court, has come into possession of money belonging to the bankrupt's estate. His claim to it has been determined adversely to him. I see no reason why the assignee should not have an order that he pay it over. Motion granted.